UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, and APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND,
THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT
CORPORATION, and the NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS,

                    *Petitioners*,

  -*against*-

SKY HEIGHTS CONSTRUCTION CORP.,

                    *Respondent*.
------------------------------------------------------------X

18 Civ. 5852 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioners seek to confirm an arbitration award entered in their favor based on Respondent's failure to permit a payroll audit and make certain contributions pursuant to the terms of a collective bargaining agreement. Because Respondent has not appeared, the motion is deemed unopposed. For the following reasons, the Court GRANTS the motion to confirm the arbitration award.

## BACKGROUND

On or around March 8, 2010, Respondent entered into an agreement with Petitioner New York City District Council of Carpenters (the "Union") when it executed an Administration Form. (Dkt. 1-1.) Since August 2015, Respondent has executed seven affidavits binding it to the New York City School Construction Authority Project Labor Agreement Covering Specified

Construction Work under the Capital Improvement Program for 2014 through 2019 ("PLA"). (Dkts. 1-2, 1-3.) Through the PLA, Respondent became bound by the Union's Independent Building Construction Agreement (the "CBA"). (Dkts. 1-3, 1-4.)

Under the PLA and CBA, Respondent was required to remit contributions to Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds, and Trustees of the New York City District Council of Carpenters Relief and Charity Fund (collectively, the "Funds"), when it performed work under the PLA that was within the trade and geographical jurisdiction of the Union. (Dkt. 1-3 Art. 11 § 2(A); Dkt. 1-4 Art. XV § 1.) The CBA further required that Respondent submit to audits by the Funds to determine whether Respondent remitted the necessary contributions to the Funds. (Dkt. 1-4 Art. XV § 1.)

Pursuant to the CBA, Respondent is also bound to a Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy") of the Funds, (*see* Dkt. 1-4 Art. XV § 2), which states:

> In the event that an employer refuses to permit a payroll review and/or audit upon request . . . the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period.

(Dkt. 1-5 § IV(12).)

The CBA and Collection Policy provide that, should the Funds be required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions;

2

and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies. (Dkt. 1-4 Art. XV § 6(a); Dkt. 1-5 § V.)

Respondent failed to permit an audit and the Funds conducted an estimated audit in accordance with the Collection Policy. (*See* Dkt. 1-7.) Pursuant to the CBA, an arbitration hearing was held, which Respondent did not attend despite receiving notice. (Dkts. 1-6, 1-7.)

On May 17, 2018, the arbitrator found that Respondent violated the CBA when it failed to permit an audit covering August 19, 2015 through the present, and ordered Respondent to pay the Funds the sum of $211,677.64, consisting of: (1) a principal deficiency of $161,907.22; (2) interest on the deficiency of $14,988.98; (3) liquidated damages on the deficiency of $32,381.44; (4) court costs of $400; (5) attorneys' fees of $1,500; and (6) the arbitrator's fee of $500. (Dkt. 1-7.) The arbitrator also found that interest at the rate of 5.75% will accrue on the Award from the date of the issuance of the Award. (Dkt. 1-7.) Respondent has not paid the Award. (*See* Dkt. 1 ¶ 24.)

## DISCUSSION

A district court should show "great deference" to the determinations of arbitrators in reviewing arbitral awards. *See Dolan v. ARC Mech. Corp.*, No. 11 CIV. 09691 PAC, 2012 WL 4928908, at *2 (S.D.N.Y. Oct. 17, 2012). When a party applies for confirmation of an arbitration award pursuant to an agreement between the parties that a court may enter judgment on an award, a district court must grant the order "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9; *see also Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 78-79 (2d Cir. 2012). Only a "barely colorable justification for the outcome reached" is necessary to confirm an arbitration award. *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992).

The motion to confirm an arbitration award is unopposed, and the Court considers it as an unopposed motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). In doing so, the Court must consider the merits of the motion. *See id.*

Petitioners' motion has merit. Petitioners have presented undisputed evidence demonstrating that Respondent was bound by the terms of the CBA, which required Respondent to make its books and records available for a payroll audit, and which provided for arbitration in the event of any dispute. (*See* Dkts. 1-3, 1-4, 1-5.) Respondent did not appear in the arbitration hearing and did not oppose the motion to confirm the award, and thus has not raised any questions of fact. Moreover, the arbitrator's award was based on a summary report estimating that Respondent owed $161,907.22. (*See* Dkt. 1-7.) The arbitrator's award of interest, liquidated damages, court costs, attorneys' fees, and the arbitrator's fee are supported by provisions of the CBA and Collection Policy. (*See* Dkt. 1-4 Art. XV § 6(a) & Dkt. 1-5 § V.) There are no material issues of fact remaining for trial, and Petitioners are entitled to confirmation of the arbitral award. *See Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 429 (S.D.N.Y. 2008).

Petitioners also move for attorneys' fees and costs arising out of this motion to confirm the arbitration award, and post-judgment interest at the statutory rate. "Courts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Abondolo v. H. & M.S. Meat Corp.*, No. 07-CV-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008). The CBA and Collection Policy contemplate these fees, costs, and interest, and their award is justified. (*See* Dkt. 1-4 Art. XV § 6(a); Dkt. 1-5 § V.) Post-judgment interest under 28 U.S.C. § 1961(a) is mandatory and "applies to actions to confirm arbitration awards." *New York City*

*Dist. Council of Carpenters v. Nguyen Custom Woodworking LLC*, No. 18-CV-3970 (AJN), 2018 WL 5919520, at *2 (S.D.N.Y. Nov. 13, 2018).

## CONCLUSION

Petitioners' motion to confirm the arbitration award is granted. The Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Two Hundred Eleven Thousand Six Hundred Seventy Seven & 64/100 dollars ($211,677.64), which is to be paid forthwith by Sky Heights Construction with interest to accrue at the rate of 5.75% from the date of the arbitration award, May 17, 2018, through today, February 28, 2019. Post-judgment interest will accrue at the statutory rate. The Court also awards judgment in favor of the Petitioners in the amount of $75 in costs and $1,134.50 in attorneys' fees arising out of this proceeding. The Clerk of Court is directed to enter judgment and to close this case.

Dated: New York, New York
February 28, 2019

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge